UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**KENNETH PALMER (DOC #563468)**     **DOCKET NO. 5:16-cv-1076-P**

**VERSUS**     **JUDGE S. MAURICE HICKS, JR.**

**DARREL VANNOY**     **MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Pro se petitioner Kenneth Palmer (#563468) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner claims that he was denied effective assistance of counsel.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

On November 5, 2009, Petitioner was convicted of second degree murder and sentenced to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. The conviction and sentence were affirmed on appeal. See State v. Palmer, 57 So.3d 1099, No. 45,627 (La.App. 2 Cir. 01/26/11), writ denied, 68 So.3d 526, 2011–0412 (La. 9/2/11).

In his application for post-conviction relief, filed on or about August 30, 2013, Petitioner claimed that his attorney was ineffective (1) in failing to call an available incarcerated witness, and (2) in failing to allow Petitioner to testify at trial. (Doc. 1, p. 16). The trial court found that Petitioner's claim was unsupported, and he did not show actual prejudice. Additionally, Petitioner did not include reasons why his claim was not presented at trial or on appeal. See State ex rel. Palmer v. State, 2015-1029 (La. 3/4/16), 186 So.3d 1150, 1152.

Petitioner sought review in the appellate courts, which was denied. The Louisiana Supreme Court found that Plaintiff had not shown that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668 (1984). See State ex rel. Palmer, 186 So.3d 1150.

In his § 2254 petition, Petitioner alleges that his counsel was ineffective: (1) in failing to call available incarcerated witnesses; (2) in failing to allow Petitioner to testify; (3) in failing to inform Petitioner of a plea offer; and (4) in making numerous errors that denied Petitioner a fair trial. (Doc. 1, p. 19).

**Law and Analysis**

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or "AEDPA") provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, *any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period*. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)) (emphasis added). Federal courts may raise

the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not seek direct review in the United States Supreme Court. Therefore, Petitioner's conviction became final for AEDPA purposes on December 1, 2011, ninety days after the Louisiana Supreme Court denied writs. The one-year AEDPA statute of limitation began to run on that date. See 28 U.S.C. § 2244(d)(1)(A); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Petitioner filed his application for post-conviction relief on August 30, 2013. (Doc. 1, p. 16). Although a petitioner is entitled to toll the time in which his application for post-conviction relief remained pending in the state courts, Petitioner's application was not filed until August 30, 2013, after the one-year limitation period had expired. Because the statute of limitation had already expired when Petitioner's post-conviction application was filed, Petitioner receives no benefit from the statutory tolling provision of § 2244(d)(2).

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

3

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 24th day of October, 2016.

_____
Karen L. Hayes
United States Magistrate Judge