UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**KENNETH PALMER (DOC #563468)**           **DOCKET NO. 5:16-cv-1076-P**

**VERSUS**                                  **JUDGE S. MAURICE HICKS, JR.**

**DARREL VANNOY**                           **MAG. JUDGE KAREN L. HAYES**

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Pro se petitioner Kenneth Palmer (#563468) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner claims that he was denied effective assistance of counsel.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

On November 5, 2009, Petitioner was convicted of second degree murder and sentenced to life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. The conviction and sentence were affirmed on appeal. See State v. Palmer, 57 So.3d 1099, No. 45,627 (La.App. 2 Cir. 01/26/11), writ denied, 68 So.3d 526, 2011–0412 (La. 9/2/11).

In his application for post-conviction relief, filed on or about August 30, 2013, Petitioner claimed that his attorney was ineffective: (1) in failing to call an available incarcerated witness, and (2) in failing to allow Petitioner to testify at trial. (Doc. 1, p. 16). The trial court found that Petitioner's claim was unsupported, and he did not show actual prejudice. Additionally, Petitioner did not include reasons why his claim was not presented at trial or on appeal. See State ex rel. Palmer v. State, 2015-1029 (La. 3/4/16), 186 So.3d 1150, 1152.

Petitioner sought review in the appellate courts, which was denied. The Louisiana Supreme Court found that Plaintiff had not shown that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668 (1984). See State ex rel. Palmer, 186 So.3d 1150.

After a report and recommendation was issued, Petitioner filed an objection and motion to amend wherein he provides that he filed a second application for post-conviction relief on September 4, 2015, based on "newly discovered facts." (Doc. 9, p. 2). The application was denied, and the court noted:

> The Court has previously acknowledged the Petitioner's claims with regard to the alleged self-defense due to newly discovered evidence in an Opinion dated January 5, 2015. That Opinion also cited the police report dated October 19, 2007, in which there was an attempt by the state to locate and unknown black male who was under the breezeway when the shooting started as well as other possible witnesses to the incident. The ballistic report confirms that the gun possessed by the victim, Brandon R. Robertson, had not been fired. The police report also confirms that the other victim, Shelton Banks, was unarmed. In addition, by the Petitioner's own admission, it was common knowledge that the victim, Brandon R. Robertson, carried a weapon, Robertson had never walked towards him with a gun in his hand before and the Petitioner knew that the victim, Robertson, had not fired a shot at the time of the incident. These admissions negate the argument of self-defense purported by the Affidavit of Melvin Washington.
>
> With regard to the Petitioner's second claim of ineffective assistance of counsel, the Petitioner's application for post-conviction relief is repetitive and untimely. Under Louisiana Code of Criminal Procedure article 930.8, Petitioner has two years from the judgment of conviction and sentence becoming final to file his application for post-conviction relief. More than two years (approximately 6 years) have elapsed between the finality of Petitioner's conviction (November 5, 2009) and the filing of this application (September 4, 2015).

(Doc. 9-1, p. 5). The appellate court denied writs on December 10, 2015. (Doc. 9-1, p. 7). The Louisiana Supreme Court denied writs on May 12, 2017, because the application was untimely and because Petitioner had previously "exhausted his right to state collateral review." (Doc. 9-1, p. 9).

In his § 2254 petition, Petitioner alleges that his counsel was ineffective: (1) in failing to call available incarcerated witnesses; (2) in failing to allow Petitioner to testify; (3) in failing to inform Petitioner of a plea offer; and (4) in making numerous errors that denied Petitioner a fair trial. (Doc. 1, p. 19).

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or "AEDPA") provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, *any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period*. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)) (emphasis added). Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not seek direct review in the United States Supreme Court. Therefore, Petitioner's conviction became final for AEDPA purposes on December 1, 2011, ninety days after the Louisiana Supreme Court denied writs. The one-year AEDPA statute of limitation began to run

on that date. See 28 U.S.C. § 2244(d)(1)(A); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Petitioner filed his first application for post-conviction relief on August 30, 2013. (Doc. 1, p. 16). Although a petitioner is entitled to toll the time in which his application for post-conviction relief remained pending in the state courts, Petitioner's first application was not filed until August 30, 2013, long after the one-year limitation period had expired. Because the statute of limitation had already expired when Petitioner's post-conviction application was filed, Petitioner receives no benefit from the statutory tolling provision of § 2244(d)(2).

Likewise, Petitioner's second application for post-conviction relief was untimely. (Doc. 9-1). The time period for filing a habeas petition under § 2244(d) is only tolled by a "properly filed" application for post-conviction relief. When a post-conviction application has been rejected by a state court as untimely-filed under state law, the application is not considered "properly filed" for purposes of § 2244(d). Wardlaw v. Cain, 541 F.3d 275, 277 (5th Cir. 2008).

The AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In the original report and recommendation submitted by the undersigned, it was noted that "Petitioner submits no evidence demonstrating that he is entitled to equitable tolling, and this Court

4

knows of no such evidence." (Doc. 7). In his objection to the report and recommendation, Petitioner presents argument that he is entitled to equitable tolling. (Doc. 8).

According to Petitioner's objection and amended petition (Docs. 8, 9), his attorney advised on September 14, 2011, that Petitioner's appeal had been denied, and Petitioner had one year from the date of the final decision on appeal within which to file a habeas petition. (Doc. 8-1, p. 2). When the one-year period was approaching, Petitioner sent letters to the attorney inquiring of the status of his application for post-conviction relief. (Doc. 8-1, pp. 3-5).

On November 15, 2012, the attorney advised Petitioner that he was diligently working on Petitioner's application. (Doc. 8-1, p. 6). On July 11, 2013, the attorney incorrectly advised Petitioner that he had one year from the date the post-conviction application was filed within which to seek habeas relief in federal court. (Doc. 8-1, p. 7). The attorney reported that he was still working on Petitioner's application. (Doc. 8-1, p. 7). Petitioner filed a disciplinary complaint, to which the attorney responded that Petitioner had one year from the date the application was due within which to seek federal relief. (Doc. 8-1, p. 8). Because the one-year period runs from the date the judgment of conviction becomes final, 28 U.S.C. § 2244(d)(1)(A), the attorney's response provided inaccurate information.

However, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Id. at 799 (citing Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir. 2002) (counsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file a habeas petition within the one-year limitations period). Negligence does not amount to egregious conduct constituting a rare and extraordinary circumstance that warrants equitable tolling. See Holland v. Florida, 560

5

U.S. 631, 657 (2010); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).

Moreover, "ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." Manning v. Epps, 688 F.3d 177, 185 (5th Cir. 2012) (quoting United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); see also U.S. v. Riggs, 314 F.3d 796, 798–800 (5th Cir. 2002) (holding that district court abused its discretion by granting equitable tolling under AEDPA based on "incorrect legal advice" of petitioner's lawyer)).

An attorney's intentional deceit could warrant equitable tolling if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. See Riggs, 699 F.3d at 799 (citing U.S. v. Wynn, 292 F.3d 226, 230-31 (5th Cir. 2002)). Petitioner has not alleged intentional deceit by his attorney. Rather, Petitioner has provided evidence of his attorney's misinterpretation of the law through letters to Petitioner and in response to a disciplinary complaint. (Doc. 8-1, p. 8). Such an error does not qualify as an "extraordinary circumstance" to justify equitable tolling.

Petitioner also argues that he is entitled to proceed with his § 2254 petition because he is actually innocent. McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), allows a habeas corpus petitioner whose petition is untimely under AEDPA's statute of limitations to overcome the time bar by making a convincing showing that the petitioner committed no crime. Id. at 1928. The petitioner must show actual innocence by producing new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner has not presented "new evidence" that was unavailable at trial. Rather, he submits three affidavits of people who were at or near the shooting either at the time of the shooting or some

time prior. These affidavits were presented to the trial court on post-conviction review. One affiant testified that she saw both of the victims "pull guns" on Petitioner, who acted in self-defense. (Doc. 9-1, p. 2). Another affiant testified that he saw both victims with guns 45-90 minutes prior to the incident. (Doc. 9-1, p. 3). The third affiant testified that she saw one of the victims with a gun prior to the incident. (Doc. 9-1, p. 4).

As noted in the procedural history, one victim was armed, and one victim was unarmed. The gun on the armed victim had not been fired. (Doc. 9-1, p. 5). See State v. Palmer, 45,627 (La. App. 2 Cir. 1/26/11), 57 So. 3d 1099, 1103, writ denied, 2011-0412 (La. 9/2/11), 68 So. 3d 526. These facts contradict the testimony of the first affiant. The testimony of the second and third affiants only indicates that one or both of the victims had a gun at some point prior to the incident. The testimony of the three affiants does not establish that "**no juror**, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." See McQuiggins, 133 S.Ct. at 1928 (emphasis added).

## Conclusion

Petitioner's Motion to Amend (Doc. 9) is GRANTED. For the foregoing reasons, and the reasons set forth in the original report and recommendation (Doc. 7) IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 27th day of June, 2017.

_____
Karen L. Hayes
United States Magistrate Judge